LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway- Ste. B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
MARIA FERNANDEZ, on behalf of herself and all
other persons similarly situated,

                            Plaintiffs,                                   **COMPLAINT**

   -against-

                                                                            Collective and Class Action

JONATHAN LORD CORP., CAROLE KENTRUP
and KATHY DANCIK,
                            Defendants.
-------------------------------------------------------------------------- X

        Plaintiff, MARIA FERNANDEZ ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, JONATHAN LORD CORP., CAROLE KENTRUP and KATHY DANCIK, (collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

        1.     Defendants are engaged in the wholesale bakery business. The Plaintiff and similarly situated employees performed non-exempt work for the Defendants and regularly worked more than forty hours in a week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law. This is a civil action for damages and equitable relief based upon Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207(a).

Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. §216(b).

2. Plaintiff also brings this action on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

6. Defendants do business within the Eastern District of New York, maintaining a place of business at 87 Carlough Road, Bohemia, New York 11716.

## PARTIES

7. The Defendant, JONATHAN LORD CORP., was and still is a domestic business entity doing business in the State of New York.

8. At all times relevant, Defendant, JONATHAN LORD CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

9. Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate commerce within the meaning of the FLSA as they sold products and used

supplies in the course of business that originated in states other than New York. Furthermore, all of Defendants' employees are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs.

10. Defendant, CAROLE KENTRUP, is a shareholder and officer of the corporation, is active in the day-to-day management of the corporation had authority to make decisions regarding personnel and payroll and is an employer within the meaning of federal and state wage and hour laws.

11. Defendant, KATHY DANCIK, is a shareholder and officer of the corporation, is active in the day-to-day management of the corporation, had authority to make decisions regarding personnel and payroll and is an employer within the meaning of federal and state wage and hour laws.

12. Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

## STATEMENT OF FACTS

13. Plaintiff was an employee of the Defendants from in or about 2005 to December 2018. Plaintiff performed non-exempt duties including food preparation and packaging.

14. Plaintiff regularly worked between 9 and 11 hours per day, Monday to Friday each week. Plaintiff sometimes began work as early as 6:00 a.m. She sometimes worked as late as 6:00 p.m.

15. Throughout her employment with Defendants, Plaintiff and persons similarly situated to Plaintiff regularly worked more than 40 hours in a workweek. Defendants did not pay

Plaintiff and similarly situated persons overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked after 40 hours per week.

16. Defendants paid Plaintiff straight-time at her regular hourly rate for all hours worked, including hours worked after 40 hours per week. Plaintiff's regular rate of pay was the statutory minimum wage rate. In 2018, Plaintiff was paid an hourly rate of $11.00.

17. Throughout their employment with Defendants, Plaintiff and persons similarly situated to Plaintiff often worked more than ten hours in a single day.

18. Defendants failed to pay Plaintiff and persons similarly situated to Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded ten hours in violation of 12 N.Y.C.R.R. §142-2.18.

19. Defendant failed to provide Plaintiff and persons similarly situated to Plaintiff upon hire written notice of their rate of pay and other information in violation of Section 195(1) of the New York State Labor Law.

20. Defendants failed to furnish Plaintiff and persons similarly situated to Plaintiff with a statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

21. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §142-2.8.

22. Defendants terminated Plaintiff's employment on December 17, 2018, when Plaintiff sought to return to work from a maternity leave of absence.

23. Defendants discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of pregnancy.

24. Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendant's discriminatory conduct.

25. Due to Defendant's discrimination, Plaintiff has suffered also suffered substantial emotional harm and distress at a time in which she felt especially vulnerable and anxious about her financial security due to her pregnancy.

## COLLECTIVE ACTION ALLEGATIONS

26. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

27. Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, maintaining the catering premises, preparing for catering events, working catering events, cleaning up catering events, and loading and unloading trucks at any time during the three (3) years prior to the filing of their respective consent forms.

28. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

29. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

30. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

31. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

32. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

33. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

34. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

   (b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of 40 hours in a single workweek;

   (c) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than 10 hours in a single workday;

   (d) whether Defendants' pay practices were done willfully;

   (e) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

   (f) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

   (g) whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

(h) whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law; and

(i) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

36. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

37. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

38. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

39. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

41. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

42. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

43. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT: OVERTIME WAGES

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

46. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

48. Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff and Class Members were not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation

51. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

52. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York

Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

53. Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD OF HOURS

54. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

56. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE NOTICE

57. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1). Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE STATEMENTS

59. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants failed to furnish Plaintiff and Class Members with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3).

61. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## SIXTH CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

62. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

63. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy in violation of the Executive Law.

64. As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       December 30, 2018

                                  LAW OFFICE OF PETER A. ROMERO PLLC

                                  */s/ Peter A. Romero*

By: _____
      Peter A. Romero, Esq.
      825 Veterans Highway-Ste B
      Hauppauge, New York 11788
      Tel. (631) 257-5588
      promero@romerolawny.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Jonathan Lord Corp. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in Spanish.

_____          12-20-18
Maria Fernandez                                            Date