LAW OFFICE OF
PETER A. ROMERO

promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

March 26, 2020

*Via ECF*
Hon. Sandra J. Feuerstein
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Maria Fernandez v. Jonathan Lord Corp., et al*.
              Docket No.: 18-cv-07457 (SJF) (AYS)

Dear Judge Feuerstein:

      As you are aware, this firm represents the Plaintiff, Maria Fernandez, in this action, which asserts claims against Defendants Jonathan Lord Corp., Carole Kentrup and Kathy Dancik, her former employers. In her Complaint, Plaintiff brought wage and hour claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as a discrimination claim under the New York State Human Rights Law.[1] D.E. 1. On March 8, 2019, Defendants, through their counsel, filed an Answer to the Complaint, which denied the material allegations made by Plaintiff. D.E. 11. On January 29, 2020, the parties reached a settlement at a mediation with the assistance of EDNY panel mediator Patrick Michael McKenna. D.E. 23. We now seek approval of the parties' settlement of Plaintiff's FLSA claims pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The parties have memorialized their resolution in a Settlement Agreement and General Release ("Agreement"), attached hereto as Exhibit A. The parties have agreed to a release of all claims in this action, covering Plaintiff's FLSA and NYLL claims, as well as her discrimination claims. While Courts typically require releases be narrowly tailored to wage and hour claims in FLSA matters, broader releases are appropriate where other claims are asserted. See Feliz v. Parkoff Operating Corp., 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018) (collecting cases) ("Although an employer may not usually obtain a general release in return for settling an FLSA claim, bifurcated settlements, such as the one under consideration here, may include a general release with respect to the settlement of the non-FLSA claims"); Santos v. Yellowstone Properties, Inc., 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) ("While Santos's private agreement with defendants resolving his discrimination claims (which does not require this Court's approval) does contain a general release, that release is appropriate in the context of a separate resolution of non-wage-and-hour claims[.]"); see also Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (noting

---

[1] The parties do not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so.

LAW OFFICE OF PETER A. ROMERO PLLC   •   LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788   •   (631) 257-5588   •   overtimelawny.com

additional claims beyond wage and hour claims may be released under appropriate circumstances). Moreover, the parties' release in the Agreement contains a mutual release of claims. In circumstances where the plaintiff is no longer employed by the defendants, as is the case here, mutual general releases have been approved in FLSA cases by district courts in this Circuit. Chauca v. Abitino's Pizza 49th Street Corp., 2016 WL 2647603, at *1-2 (S.D.N.Y. June 29, 2016) (approving mutual general release in FLSA settlement); Weng v. T&W Restaurant, Inc., 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving mutual general release in FLSA settlement, but denying approval of agreement for other reasons); Cionca v. Interactive Realty, LLC, 2016 WL 3440554, at *3-4 (S.D.N.Y. June 10, 2016) (same); Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (citing Souza v. 65 St. Marks Bistro, 2015 WL 727174 7, at *5 (S.D.N. Y. Nov. 6, 2015); and Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)) (denying settlement due to, *inter alia*, the general release being overly broad and not mutual, but holding that the release would be approved if revised to be mutual)); Lola, 2016 WL 922223, at *2 (quoting Souza, 2015 WL 7271747, at *5) (approving settlement agreement with mutual releases and noting "mutual release of claims is acceptable because it 'will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes.'"). Accordingly, the parties' release is appropriate in light of Plaintiff's additional claim for discrimination that is being resolved as part of one complete settlement and the fact that the release constitutes a mutual release with a former employee of Defendants.

Regarding the remainder of the terms, the Agreement does not contain a confidentiality or non-disclosure provision. The Agreement also does not contain a non-disparagement provision. As a result, there are no terms in the agreement that would offend the dictates of Cheeks v. Freeport Pancake House, Inc.

The Agreement is reasonable and in the best interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Defendants pay Plaintiff a total of $30,000. This settlement is fair and reasonable under the circumstances. The parties held very different views about the merits of Plaintiff's FLSA claims. The parties' respective views differed vehemently as to the extent of overtime hours worked by Plaintiff, if any, per week and as to the amount of hours worked during certain periods of the year when Defendants allegedly have a lower volume of business. As a result, the parties' dispute impacts both liability and Plaintiff's assessment of the amount of damages allegedly owed, even if liability was proven. Defendants also deny that Plaintiff is entitled to any liquidated damages under the FLSA. Due to the fact-intensive nature of these inquiries, a resolution of this dispute would require full discovery, depositions of parties and non-party witnesses, potential partial summary judgment motion practice and a trial, and even then may result in future appeals. Further, under the terms of the Agreement, Plaintiff will receive a sum that exceeds the amount of her full underpayment and liquidated damages under the FLSA, even after deducting the sums being requested for attorneys' fees and costs.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that she could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are

2

LAW OFFICE OF PETER A. ROMERO PLLC   •   LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788   •   (631) 257-5588   •   overtimelawny.com

substantial. Under the agreement, Plaintiff will be able to recover settlement funds more expeditiously, with more certainty and substantially less risk, than a trial judgment.

Additionally, the reasonableness of this settlement is also assured by the involvement of a mediator. Indeed, the presence of a mediator "provides assurance that the settlement was not the product of collusion." Bilbao v. LCS Enters. Inc., 2018 WL 1399199, at *2 (S.D.N.Y. Mar. 19, 2018); see also Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618-619 (S.D.N.Y. 2012) (citing In re Giant Interactive Grp., Inc. Sec. Litig., 279 F.R.D. 151, 159-160 (S.D.N.Y. 2011)) (explaining parties entitled to a presumption of fairness where mediator facilitated arms'-length settlement). Accordingly, the settlement achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

As set forth in the attached Agreement, the parties have agreed to settle this action for a total settlement amount of $30,000 (the "Settlement Amount"). This amount includes $10,669.53 in attorneys' fees and costs, consisting of $9,665.23 in attorneys' fees and $1,004.30 in costs. The costs relate to the filing fee for the Complaint, service of the Complaint on the Defendants and the costs of Plaintiff's share of the mediation fee, which Plaintiff's counsel advanced. The attorneys' fee represents one-third (33.3%) of the total settlement amount after deducting for expenses and is reasonable. Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of 1/3 of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. See, e.g., Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases) (approval of attorneys' fees of 1/3 of the settlement is "consistent with the trend in this Circuit."); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Thus, a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). This result is also consistent with Plaintiff's counsel's retainer, which permits attorneys' fees of 33.3% plus costs in the event of a settlement. Thus, the

3

LAW OFFICE OF PETER A. ROMERO PLLC   •   LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788   •   (631) 257-5588   •   overtimelawny.com

amount of Plaintiff's counsel's requested attorneys' fees and reimbursement for advanced litigation expenses are reasonable.

Furthermore, Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, commenced this action, exchanged document discovery relevant to settlement, prepared a detailed assessment of Plaintiff's damages, and negotiated a settlement at mediation. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement amount will be made available to Plaintiff without the uncertainty and delay of trial.

In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

_____
DAVID D. BARNHORN, ESQ.

C:     All Counsel of Record *via* ECF

4

LAW OFFICE OF PETER A. ROMERO PLLC   •   LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788   •   (631) 257-5588   •   overtimelawny.com